# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 8, 2010

Lyle W. Cayce
Clerk

No. 08-10615
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BURVON KING, also known as Chocolate,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:92-CR-141-16

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Burvon King, federal prisoner # 21029-077, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 360-month sentence for conspiracy to distribute cocaine base. King contends that the district court erred in denying his § 3582(c)(2) motion; that after *United States v. Booker*, 543 U.S. 220 (2005), *Gall v. United States*, 552 U.S. 38 (2007), and *Kimbrough v. United States*, 552 U.S. 85 (2007), the district court should have reconsidered the amount of cocaine base attributable to him, recalculated his advisory guideline

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range, and imposed a sentence after consideration of the 18 U.S.C. § 3553(a) factors; that the district court should not interpret U.S.S.G. § 1B1.10 to limit its ability to resentence him; and that a 30-year sentence is too harsh and unreasonable because he is a nonviolent offender.

We review the district court's decision for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). Because King's offense involved more than 4.5 kilograms of crack cocaine, the retroactive crack cocaine amendment did not lower his guidelines range, and the district court did not abuse its discretion in refusing to reduce his sentence. *See* § 3582(c)(2); U.S.S.G. §§ 1B1.10, comment. (n.1A) and 2D1.1. Moreover, the Supreme Court's decision in *Booker* does not apply to sentence reductions under § 3582(c)(2) because such proceedings are not full resentencings. *Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010); *United States v. Doublin*, 572 F.3d 235, 238-39 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). King's argument based on *Booker* and its progeny is therefore unavailing.

AFFIRMED.